UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

QUENTIN LA GRANDE,

                           Plaintiff,

  -v.-                                         1:07-CV-0364
                                                         (GLS)(DRH)

BOND, SCHOENECK & KING, LLP; KILPATRICK &
STOCKTON; and PARISI, COAN & SACCOCIO, PLLC,

                           Defendants.

---

APPEARANCES:

QUENTIN LA GRANDE
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## **DECISION and ORDER**

## **I. Background**

The Clerk has sent to the Court for review a complaint filed by *pro se* plaintiff Quentin La Grande,[1] together with an application to proceed *in forma*

---

[1] La Grande has initiated eight civil lawsuits in this District since 2000. *See La Grande v. Key Bank Nat'l, et al.*, Civ. No. 1:00-cv-1195 (HGM/RFT) (lead case consolidated with *La Grande v. Leonard, et al.*, Civ. No. 5:00-cv-1300 (HGM/RFT)); *La Grande v. Bestemp Select, Inc., et al.*, Civ. No. 1:03-cv-1276 (LEK/RFT); *La Grande v. Adecco*, Civ. No. 1:03-cv-1453 (GLS/RFT); *La Grande v. Empire Blue Cross and Blue Shield, et al.*, Civ. No. 1:04-cv-0373 (NAM/RFT); *La Grande v. Anderson, et al.*, Civ. No. 1:04-cv-1020 (GLS/RFT); *La Grande v. DeCrescente Distrib. Co., Inc.*, Civ. No. 1:06-cv-0467 (FJS/DRH) (consolidated with *La Grande v. DeCrescente Distrib. Co., Inc.*, Civ. No. 1:06-cv-0469 (FJS/DRH)).

*pauperis*. Dkt. Nos. 1 and 2.

In his *pro se* complaint, La Grande claims that the defendant law firms did not "do a comprehensive investigation into allegations of racial discrimination and retaliation" La Grande made against DeCrescente Distribution, Inc. Dkt. No. 1 at 8. La Grande also claims that the defendants threatened him. *Id.* For a more complete statement of La Grande's claims, reference is made to the complaint.

## II. Discussion

A court's consideration of a *pro se* plaintiff's application to proceed *in forma pauperis* involves a two-step process. First, the court must determine whether the plaintiff may proceed with the action without pre-paying, in full, the required filing fee. The court must then consider whether the claims that the plaintiff has set forth in his complaint are, among other things, frivolous or malicious or if they fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. Application to Proceed *In Forma Pauperis*

After reviewing La Grande's application (Dkt. No. 2), the Court finds that he has demonstrated sufficient economic need.

### B. La Grande's Complaint

Section 1915 of Title 28 of the United States Code, which governs *in forma pauperis* proceedings, directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, it is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

La Grande does not provide a basis for jurisdiction of his claim. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. It is well established that the Court may raise the question of jurisdiction sua sponte, and that where jurisdiction is lacking, "dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

3

La Grande's claims do not provide a basis for diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists only if there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.  *See* 28 U.S.C. §1332(a).  The party seeking to invoke diversity jurisdiction must establish that ***complete diversity*** existed at the time the action was commenced.  *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

In his Complaint, La Grande alleges that two of the Defendants have New York addresses.[2]  Since La Grande resides in New York and some of the Defendants have their principal places of business in New York, the parties are not completely diverse.

This Court has also considered whether it has subject matter jurisdiction of this action under 28 U.S.C. § 1331.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  *Village of Millbrook v. Forrest*, 903 F.Supp. 599, 600 (S.D.N.Y. 1995) quoting *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).  La

---

[2] La Grande alleges that Bond, Schoeneck & King, LLC is located in Albany, New York, and that Paris, Coan & Saccocio, PLLC is located in Schenectady, New York.  Dkt. No. 1 at 3.

Grande's claims for personal injury, assault, libel and slander sound in state common law principles of tort and do not raise a federal question.  Thus, while La Grande may have viable state court claims, the claims asserted in the complaint are not claims over which this Court has jurisdiction.

## III. Conclusion

Since La Grande's complaint, as presented to this Court, fails to state a claim upon which relief can be granted, it must be dismissed.[3]  In light of the foregoing, La Grande's application to proceed *in forma pauperis* will be denied as moot.

WHEREFORE, it is hereby

ORDERED, that La Grande's complaint is dismissed pursuant to 28 U.S.C. § 1915(e), and it is further

ORDERED, that in light of the ruling on the complaint filed herein, La Grande's request to proceed *in forma pauperis* is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on La Grande by

---

[3] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004).

regular mail.

IT IS SO ORDERED.

April 11, 2007
Albany, New York

_____
Gary L. Sharpe
United States District Court Judge