UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

QUENTIN LA GRANDE,

        Plaintiff,

 -v.-            1:07-CV-0364
                (GLS)(DRH)

BOND, SCHOENECK & KING, LLP; KILPATRICK &
STOCKTON; and PARISI, COAN & SACCOCIO, PLLC,

        Defendants.

---

APPEARANCES:

QUENTIN LA GRANDE
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## **DECISION and ORDER**

  By Decision and Order dated April 12, 2007 ("April Order"), the action filed by plaintiff Quentin La Grande was dismissed.[1] Dkt. No. 3. Judgment was entered thereon on April 12, 2007 ("Judgment"). Dkt. No. 4. Presently before the Court is a motion for reconsideration of the April Order and

---

[1] La Grande's complaint was dismissed because it failed to state a claim upon which relief can be granted because the Court lacks subject matter jurisdiction. Dkt. No. 3 at 5. The claims asserted in La Grande's complaint did not provide a basis for either federal question jurisdiction or diversity jurisdiction. *Id.* at 4-5.

Judgment.  Dkt. No. 5.

In support of his motion for reconsideration, La Grande asserts that he will provide the Court with a "Law Memorandum" containing applicable case law and requests that the Court grant him ninety days to provide that information.  *Id.* at 1, 3.  La Grande states that he intends to establish diversity jurisdiction.  *Id.* at 2.  La Grande further states that he has been "Black listed" in the "Capital District" and provides statistics regarding the percentage of African-American males involved in the criminal justice system.  *Id.* at 2-3.  La Grande requests that the Court grant his request to proceed *in forma pauperis* and allow him the opportunity to amend his complaint.  *Id.* at 2.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for

2

reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)(citations omitted).

This action was dismissed because La Grande failed to establish a basis for federal subject matter jurisdiction. In his complaint, La Grande identified himself as a citizen of New York and alleged that two of the defendants maintained offices in this state, thereby defeating complete diversity. While La Grande states in his motion for reconsideration that he is "seeking to invoke diversity jurisdiction," he has not provided any factual basis for that claim. Dkt. No. 5 at 2.

Upon review, the Court finds that the complaint was properly dismissed and that La Grande has not demonstrated that reconsideration of that decision is warranted. Accordingly, La Grande's motion is denied. WHEREFORE, it is hereby

ORDERED, that La Grande's motion for reconsideration of the April Order (Dkt. No. 5) is **DENIED**, and it is further

3

ORDERED, that the Clerk serve a copy of this Order on La Grande.

IT IS SO ORDERED.

April 26, 2007
Albany, New York

*Gary L. Sharpe*
United States District Court Judge